68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adolph Anthony HIGGINS, a/k/a, Shawn Murray, a/k/a Michael
Augustus Bell, Defendant-Appellant.
 No. 95-5065.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 10, 1995.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Adolph Anthony Higgins pled guilty to four counts of distribution of crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995), and one count of using or carrying a firearm during a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1995). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), making two arguments relating to sentencing but stating that, in his view, there are no meritorious issues for appeal. Higgins has been notified of his right to file a supplemental pro se brief, but has not filed one.
 
 
 2
 We find the issues raised by counsel to be without merit. The district court imposed a two-level adjustment for obstruction of justice because Higgins gave a false name to the magistrate judge at his initial detention hearing, thereby concealing his criminal record and prior deportation. Although Higgins revealed his true identity about a week later, the district court found that the deception was material to the detention issue before the magistrate. See United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1, comment. (n.3(f)) (Nov.1994). The court's finding was not clearly erroneous.
 
 
 3
 Next, Higgins challenges the district court's decision to sentence him to a term of 184 months on the drug counts. The court imposed sentence at the high end of the range because Higgins had a prior drug conviction and had twice entered the United States illegally. We do not have jurisdiction to review the district court's reasons for imposing sentence at a particular point within a correctly calculated guideline range. United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994). In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the convictions and the sentence imposed by the district court.
 
 
 4
 Counsel's motion to withdraw is denied. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED